**Ludvin Antonio SOLORZANO, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72373.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 19, 2004.

Philip D. Abramowitz, Esq., Korenberg, Abramowitz and Feldun, Ari Nikzad, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Francis W. Fraser, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

\* John Ashcroft, Attorney General, is substituted for the Immigration and Naturalization Service as the proper respondent. *See* Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*\*

Ludvin Antonio Solorzano, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") order denying his applications for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997), we have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). We review for substantial evidence the denial of asylum, *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir.2000), and we deny the petition for review.

Assuming Solorzano was credible, the record does not compel the conclusion that the guerrillas were interested in Solorzano because of his actual or imputed political opinion, or any other protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that forced recruitment without more is insufficient to establish persecution on account of one's political opinion). Accordingly, the IJ's determination that Solorzano is not eligible for asylum or withholding of deportation is supported by substantial evidence. *See id.*

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Solorzano's voluntary departure period will being to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.